7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
APR 26 2000
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ADRIAN RANGEL-SILVA, | § | |
| Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-99-205 |
| VS. | § | |
| | § | CRIMINAL NO. B-97-502 |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Adrian Rangel-Silva ("Rangel") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 1) seeking to set aside his conviction for violating 8 U.S.C. § 1326(a). The Government has filed an Answer, Motion to Deny Relief Under Rule 8(A), 28 U.S.C. foll. § 2255, and Supporting Brief (Docket No. 6). For the reasons set forth below, the Government's Motion should be granted and this case dismissed.

### BACKGROUND

This factual summary is drawn from Rangel's Brief in Support of his § 2255 Petition Docket No. 2). Rangel admits that he is an illegal alien from Mexico who was convicted in August 1992 for a drug offense. Following completion of his sentence, he was deported. He returned to this country illegally. He pled guilty to a violation of 8 U.S.C. §§ 1326 (a) and (b). He was sentenced to forty-six months confinement on April 1, 1998.

### THE § 2255 PETITION

Rangel argues that his deportation after his drug conviction violated the Double Jeopardy clause of the United States Constitution. Since his deportation was illegal, it cannot be used as

a basis for the offense of illegal reentry following deportation. Rangel also argues that his 8 U.S.C. § 1326 indictment was defective because it did not allege that his arrest following reentry.

## RECOMMENDATION

Neither of Rangel's contentions have merit. The Government in its Motion to Dismiss properly points out that the Double Jeopardy argument was waived by his guilty plea to the § 1326 offense. *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991). This point was also waived by Rangel's failure to raise it on direct appeal. *Bousley v. United States*, 523 U.S. 614 (1998); United States v Jones, 172 F.3rd 381,384 (5th Cir. 1999).

Substantively, Rangel's Double Jeopardy claim lacks merit. Deportation is a civil action unrelated to Rangel's criminal case. *United States v. Benirez-Villafuerte*, 186 F.3d 651, 657 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 838 (2000).

Rangel's claim that his § 1326 indictment was defective, because it failed to allege the element of arrest is equally meritless. Prior to Rangel's arrest and conviction on the charge of illegal reentry, § 1326 had been amended to eliminate the arrest element of the offense. This amendment was effective April 1, 1997. *United States v. Ramirez-Gamez*, 171 F.3d 236, 239-240 (5th Cir. 1999), *cert. denied* 120 S. Ct. 195 (1999).

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Adrian Rangel-Silva's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

2

unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 25th day of April, 2000.

                                                  John Wm. Black
                                          United States Magistrate Judge